UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL MAZZA, individually, and as
representative of a Class of Participants
and Beneficiaries of the Pactiv Evergreen
Services Inc. Employee Savings Plan,

        Plaintiff,                         Case No:  1:22-cv-5052

        v.

PACTIV EVERGREEN SERVICES INC., et al.

        Defendants

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................**Error! Bookmark not defined.**

INTRODUCTION ...........................................................................................................1

BACKGROUND .............................................................................................................2

I.   PLEADINGS, MOTIONS, AND DISCOVERY ..................................................2
II.  MEDIATION AND SETTLEMENT ...................................................................3
III. OVERVIEW OF SETTLEMENT TERMS ...........................................................3
    A.   The Settlement Class ..............................................................................3
    B.   Monetary Relief .......................................................................................4
    C.   Release of Claims ....................................................................................4
    D.   Class Notice and Settlement Administration ...........................................5
    E.   Attorneys' Fees and Administrative Costs ..............................................6
    F.   Review by Independent Fiduciary ...........................................................6

ARGUMENT ..................................................................................................................6

I.   STANDARD OF REVIEW .............................................................................6
II.  THE SETTLEMENT MEETS THE STANDARDS FOR PRELIMINARY APPROVAL .........8
    A.   The Settlement Class Is Adequately Represented ...................................8
    B.   The Proposal Was Negotiated at Arm's-Length ......................................8
    C.   The Settlement Terms Are Fair and Adequate ........................................9
    1.   The Monetary Relief Is Significant ..........................................................9
    2.   The Risks, Costs, and Delay of Further Litigation Were Significant ...........10
    3.   The Proposed Method of Distributing Relief to The Settlement Class Is Effective .....11
    4.   The Settlement Imposes a Reasonable Limitation on Attorney's Fees .......11
    5.   No Separate Agreements Bear on the Adequacy of Relief to the Class ......11
    6.   The Settlement Treats Settlement Class Members Equitably .......................12
    7.   The Class Notice Plan is Reasonable and Should be Approved .................12
    8.   The Proposed Settlement Class Should be Certified for Settlement Purposes.............13
    A.   THE PROPOSED SETTLEMENT CLASS SATISFIES RULE 23(A) ............................13
    B.   THE PROPOSED SETTLEMENT CLASS SATISFIES RULE 23(B)(1).........................15

CONCLUSION ...............................................................................................................15

CERTIFICATE OF SERVICE...........................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Abbott v. Lockheed Martin Corp.*,
2015 WL 4398475 (S.D. Ill. July 17, 2015) ............................................................................. 10

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ............................................................................................................. 13

*Beach v. JPMorgan Chase Bank, Nat'l Ass'n*,
No. 17-cv-00563, Dkt. 211 (May 20, 2020),
*approved* 2020 WL 6114545  (S.D.N.Y. Oct. 7, 2020) ............................................................ 9

*Beesley v. Int'l Paper Co.*,
No. 3:06-cv-00703, Dkt. 559 (S.D. Ill. Jan. 31, 2014) .......................................................... 10

*Bell v. Pension Comm. of ATH Holding Co.*,
2019 WL 4193376 (S.D. Ind. Sept. 4, 2019) ......................................................................... 11

*Dolins v. Cont'l Cas. Co.*,
No. 1:16-cv-08898, Dkt. 133 (N.D. Ill. Sept. 20, 2018) ..................................................... 8, 11

*Eubank v. Pella Corp.*,
2019 WL 1227832 (N.D. Ill. Mar. 15, 2019) ........................................................................... 8

*Gen. Tel. Co. v. Falcon*,
457 U.S. 147 (1982) ............................................................................................................. 14

*Godfrey v. GreatBanc Tr. Co.*,
2021 WL 679068 (N.D. Ill. Feb. 21, 2021) ....................................................................... 14, 15

*Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583 (7th Cir. 2011), *as modified* (Sept. 22, 2011) .. 14

*Hale v. State Farm Mut. Auto. Ins. Co.*,
2018 WL 6606079 (S.D. Ill. Dec. 16, 2018) ......................................................................... 7, 8

*In re Glob. Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004) ........................................................................................... 13

*In re Household Int'l, Inc. ERISA Litig.*,
2004 WL 7329911 (N.D. Ill. Nov. 22, 2004) ......................................................................... 15

*In re NCAA Student-Athlete Concussion Injury Litig.*,
332 F.R.D. 202 (N.D. Ill. 2019), *aff'd sub nom.*
*Walker v. NCAA*, 2019 WL 8058082 (7th Cir. Oct. 25, 2019) .................................................. 7

*In re Rite Aid Corp. Sec. Litig.*,
    146 F. Supp. 2d 706 (E.D. Pa. 2001) ........................................................................9

*Isby v. Bayh*,
    75 F.3d 1191 (7th Cir. 1996) ...................................................................................8

*Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*,
    2018 WL 2183253 (N.D. Cal. May 11, 2018) ........................................................9

*Karpik v. Huntington Bancshares Inc.*,
    2021 WL 757123 (S.D. Ohio Feb. 18, 2021) ........................................................11

*Kinder v. Koch Indus., Inc.*,
    2021 WL 3360130 (N.D. Ga. July 30, 2021) ........................................................11

*Koerner v. Copenhaver*,
    2014 WL 5544051 (C.D. Ill. Nov. 3, 2014) ..........................................................10

*Martin v. Caterpillar, Inc.*,
    2010 WL 3210448 (C.D. Ill. Aug. 12, 2010) ....................................................7, 10

*Neil v. Zell*,
    275 F.R.D. 256 (N.D. Ill. 2011) ..............................................................12, 13, 14

*Phillips Petrol. Co. v. Shutts*,
    472 U.S. 797 (1985) ...............................................................................................12

*Price v. Eaton Vance Corp.*,
    No. 18-12098, Dkt. 32 (May 6, 2019), *approved*
    Dkt. 57 (D. Mass. Sept. 24, 2019) ...........................................................................9

*Retired Chi. Police Ass'n v. City of Chicago*,
    7 F.3d 584 (7th Cir. 1993) .....................................................................................14

*Rozo v. Principal Life Ins. Co.*,
    2021 WL 1837539 (S.D. Iowa Apr. 8, 2021) ........................................................10

*Rush v. GreatBanc Tr. Co.*,
    2021 WL 2453070 (N.D. Ill. June 16, 2021) .........................................................14

*Sacerdote v. New York Univ.*,
    328 F. Supp. 3d 273 (S.D.N.Y. 2018), *aff'd*, 9 F.4th 95 (2d Cir. 2021) ...............10

*Seiden v. Nicholson*,
    72 F.R.D. 201 (N.D. Ill. 1976) ..............................................................................10

*Shanechian v. Macy's, Inc.*,
    2011 WL 883659 (S.D. Ohio March 10, 2011)........................................13

*Sims v. BB&T Corp.*,
    2019 WL 1995314 (M.D.N.C. May 6, 2019).............................................9

*Snyder v. Ocwen Loan Serv'g*,
    2019 WL 2103379 (N.D. Ill. May 14, 2019)............................................12

*Spano v. Boeing Co.*,
    2016 WL 3791123 (N.D. Ill. Mar. 31, 2016).............................................10

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.*,
    463 F.3d 646 (7th Cir. 2006)...................................................................7

*Toomey v. Demoulas Super Markets, Inc.*,
    No. 1:19-cv-11633, Dkt. 95 (Mar. 24, 2021),
    *approved* Dkt. 100 (D. Mass. Apr. 7, 2021)...........................................9

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
    2018 WL 8334858 (C.D. Cal. July 30, 2018).............................................9

*Wildman v. Am. Century Servs., LLC*,
    362 F. Supp. 3d 685 (W.D. Mo. 2019)......................................................10

*Wong v. Accretive Health, Inc.*,
    773 F.3d 859 (7th Cir. 2014)....................................................................8

**Statutes**
29 U.S.C. §§ 1109, 1132(a)(2).....................................................................12, 14

**Rules**
Fed. R. Civ. P. 23, Advisory Committee Note (1966).....................................14
Fed. R. Civ. P. 23(c)(2)(B)............................................................................11
Fed. R. Civ. P. 23(e), Advisory Commitee Note (2018)...................................6
Fed. R. Civ. P. 23(e)(1).............................................................................6, 10
Fed. R. Civ. P. 23(e)(1)(B)............................................................................6
Rule 23(a)................................................................................................10, 12
Rule 23(b)(1)...........................................................................................12, 13
Rule 23(e)(2)..............................................................................................6, 7

**Treatises**
MANUAL FOR COMPLEX LITIGATION §§ 21.61–.63, at 308–23 (4th ed. 2004)...............6
Restatement (Third) of Trusts, § 100 cmt. (b)(1)............................................11

**Regulations**
Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75632,
    as amended, 75 Fed. Reg. 33830.............................................................6

# INTRODUCTION

Plaintiff Michael Mazza ("Plaintiff") submits this Memorandum in support of his Motion for Preliminary Approval of this class action settlement with Defendants Pactiv Evergreen Services Inc. ("Pactiv"), and its Board of Directors (collectively "Defendants"), relating to the management of the Pactiv Evergreen Services Inc. Employee Savings Plan (Plan EIN: 27-0147082, Plan No. 004). (the "Plan") .[1]

Under the terms of the proposed Settlement, a gross Settlement Amount of seven hundred and twenty-five thousand dollars and zero cents ($725,000.00) will be paid to resolve the claims of Settlement Class Members who participated in the Plan during the Class Period. This is a significant recovery for the Settlement Class in relation to the claims that were alleged and falls well within the range of negotiated settlements in similar ERISA cases.

For the reasons set forth below, the Settlement is fair, reasonable, and adequate, and merits preliminary approval so that notice may be disseminated to the Settlement Class. Among other things:

- The Settlement was negotiated at arm's length with the assistance of a respected mediator;

- The Settlement provides for significant monetary relief that is on par with settlements in other similar cases;

- The Settlement conveniently provides for automatic distribution of the settlement proceeds to the accounts of Current Participants in the Plan, and automatic distribution of checks or rollover options for Former Participants in the Plan;

- The Released Claims are tailored to the claims that were asserted in the action or could have been asserted based on the same factual predicate;

---

[1] A copy of the Class Action Settlement Agreement and Release of Claims ("Settlement Agreement") embodying the compromise and settlement between the parties ("Settlement") is attached as **Exhibit 1** to the accompanying Declaration of Paul Secunda ("Secunda Decl."). All capitalized terms that are not otherwise defined in this Memorandum of Law have the meaning assigned to them in the Settlement Agreement.

- The proposed Settlement Class is consistent with the requirements of Fed. R. Civ. P. 23;

- The proposed Notice provides substantial information to Settlement Class Members about the Settlement, and will be distributed via e-mail (if available) or first-class mail; and

- The Notice advises Settlement Class Members of the opportunity to raise any objections they may have to the Settlement and to appear at the final approval hearing.

Accordingly, Plaintiff respectfully requests that the Court enter an order: (1) preliminarily approving the Settlement; (2) approving the proposed Notice, attached as **Exhibit B** to the Settlement Agreement, and authorizing distribution of the Notice to the Settlement Class; (3) certifying the proposed Settlement Class; (4) approving the proposed Plan of Allocation, attached as **Exhibit C** to the Settlement Agreement; (5) scheduling a final approval hearing; (6) granting such other relief as set forth in the accompanying Preliminary Approval Order, attached as **Exhibit D** to the Settlement Agreement; and (7) approving the rollover former for former participant distributions, attached as **Exhibit E**. Defendants take no position on this motion and do not intend to object. However, Defendants do not agree with the averments, statements, allegations, and claims stated by Plaintiff in this Memorandum of Law in Support of the Motion for Preliminary Approval of Settlement and the attached Exhibits.

## BACKGROUND

### I.   PLEADINGS, MOTIONS, AND DISCOVERY

In the Amended Complaint, *Dkt. 8*, Plaintiff alleges that during the putative Class Period (September 16, 2016 through the date of judgment), Defendants, as fiduciaries of the Plan, breached the duties they owed to the Plan, to Plaintiff, and to the other participants of the Plan by, among other things, requiring the Plan to "pay[ ] excessive recordkeeping fees," *Hughes*, 142 S. Ct. at 739-740, and by failing to timely remove their high-cost recordkeeper, Principal Life Insurance Company ("Principal"). *Id.* ¶ 6. On December 9, 2022, Defendants filed a motion to dismiss the Amended Complaint. *Dkts.*

*16-18.* This motion was briefed thoroughly through surreply, with additional briefing on Seventh Circuit case developments, and with numerous supplemental authorities submitted, through May 16, 2023. *Dkts. 23-31.* Thereafter, on May 18, 2023, the Court denied Defendants' motion to dismiss the Amended Complaint. *Dkts.* 32-33. On June 15, 2023, Defendants answered the Amended Complaint, *Dkt. 38,* the Parties entered into a proposed stipulation staying the matter to allow the Parties to engage in voluntary mediation, *Dkt. 39*, and the Court entered a stay on January 8, 2024. *Dkt. 42.*

## II. MEDIATION AND SETTLEMENT

The Parties engaged in a full-day mediation with a neutral mediator, the Hon. Morton Denlow, on January 29, 2024.[2] *Secunda Decl.* ¶ *10.* After extensive arm's length negotiations, the Parties reached a settlement in principle, signed a settlement term sheet, and then prepared the comprehensive Settlement Agreement that is the subject of this motion. *Id.* ¶ *11.* The Parties filed a joint status report on January 30, 2024, advising the Court of the Settlement and asking that the case continue to be stayed until this Motion could be drafted. *Dkt. 43*. On February 20, 2024, this Court granted the continuance of the stay and ordered that this preliminary approval motion be filed by Plaintiff by February 29. 2024. *Dkt. 44.*

## III. OVERVIEW OF SETTLEMENT TERMS

### A. The Settlement Class

The Settlement Class is defined as follows:

All participants and beneficiaries of the Plan, from September 16, 2016 through March 31, 2024, excluding the Defendants or any Plan participant who is or was a fiduciary to the Plan during the Class Period.

---

[2] Judge Denlow is an experienced mediator who has successfully facilitated the resolution of numerous complex class actions, including ERISA class actions. *Secunda Decl.* ¶ 10 *& Ex. 2.*

*Settlement § 1.35.*

### B. Monetary Relief

Under the Settlement Agreement, Defendants will cause a payment of $725,000 to a common settlement fund. *Settlement Agreement § 3.1(a).* After accounting for any Attorneys' Fees and Expenses, Administrative Costs, and a Case Contribution Award approved by the Court, the Distributable Settlement Amount will be distributed to eligible Settlement Class Members. *Id. § 3.1(j).*

The Plan of Allocation has been prepared and submitted to the Court for approval in connection with this preliminary approval of the Settlement. *See Ex. C to Settlement Agreement.* Class Counsel has retained Analytics Consulting LLC ("Analytics") as the Settlement Administrator to calculate the amounts payable to Settlement Class Members. *Id. §§ 1.33, 2.8.*[3] No Former Participant (meaning a participant who no longer has a positive balance in their Plan account as of March 31, 2024) whose payment pursuant to the Plan of Allocation would otherwise be less than twenty-five dollars ($25), shall receive any payment from the Distributable amount. *Id. § 4.3.*

### C. Release of Claims

In exchange for the foregoing relief, the Settlement Class will release Defendants and affiliated persons and entities from "Released Claims," meaning:

> [A]ny and all actual or potential claims (including any Unknown Claims, as defined in Section 1.41), actions, causes of action, demands, rights, obligations, damages, and liabilities (including claims for attorneys' fees, expenses, or costs), whether arising under federal, state, or local law, whether by statute, contract, tort, equity, or otherwise, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, for monetary, injunctive, equitable, and any other relief (collectively "Claims") against the Defendant Released Parties and Defendants' Counsel through the date the Court enters the Final Approval

---

[3] Under no circumstances will any monies revert to Defendants. Any checks that are uncashed will be delivered to the Plan and deposited into the forfeiture account. *Settlement Agreement § 3.4.*

Order that were asserted in the Action, or that arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions, occurrences or the conduct alleged or asserted in the Action or could have been alleged or asserted in the Action, whether or not pleaded in the Amended Complaint; or that arise out of, relate to, are based on, or have any connection with: (1) the selection, monitoring, oversight, retention, fees, expenses, or performance of the Plan's investments, investment options, or service providers, including without limitation, its administrative and/or recordkeeping service providers, its investment advisors, its managed accounts service providers, its auditor, its trustees, and the Company in its role as service provider to the Plan; (2) the selection, nomination, appointment, retention, monitoring, and removal of the Plan's fiduciaries; (3) fees, costs, or expenses charged to, paid, or reimbursed by the Plan or Plan participants; (4) the services provided to the Plan or the cost of those services; (5) any alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties relating to the Plan's investments, investment options, or service providers; (6) any amounts charged to participants for participant account maintenance or recordkeeping and administrative fees; and/or (7) any assertions with respect to any fiduciaries or service providers of the Plan (or the selection or monitoring of those fiduciaries) in connection with the foregoing.

*Id. § 1.30; see also id., § 5.1.*

### D. Class Notice and Settlement Administration

Settlement Class Members will receive notice of the Settlement via e-mail if an e-mail address is available, and, if not, via first-class U.S. Mail. *Id. § 2.8 & Settlement Agreement, Ex. B.* To the extent that Settlement Class Members would like more information, the Settlement Administrator[4] will establish a Settlement Website on which it will post the Settlement Agreement, the Notice, and relevant case documents, including the Amended Complaint and a copy of all Court orders related to the Settlement. *Id. § 2.11 and Settlement Agreement Ex. B.* The Settlement Administrator also will establish a toll-free telephone line that will provide the option of speaking with a live operator if callers have questions. *Id. § 2.12 and Settlement Agreement Ex. B.*

---

[4] Analytics Consulting, LLC has been selected as the Settlement Administrator and has extensive experience administering similar ERISA class action settlements. *Id. § 1.33; Secunda Decl. ¶ 28 & Ex. 3.*

### E.    Attorneys' Fees and Administrative Costs

The Settlement Agreement requires that Class Counsel file a Fee and Expense Application, which the Plaintiff will file four weeks prior the Final Approval Hearing. *Settlement Agreement, § 2.5.* Under the Settlement Agreement, the requested Attorneys' Fees and Expenses may not exceed one-third of the Settlement Amount. *Id. § 7.2(a).* In addition, the Settlement Amount will be used to pay all Administrative Costs related to the Settlement, *id. § 3.1(j)*, and a Class Representative Service Award up to $8,000 for the class representative. *Id § 7.1(a).*

### F.    Review by Independent Fiduciary

As required under ERISA, Defendants are retaining Fiduciary Counselors LLC to serve as the Independent Fiduciary to review and authorize the Settlement on behalf of the Plan. *Id. §§ 1.22, 2.7*; *see also* Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75632, as amended, 75 Fed. Reg. 33830. The Independent Fiduciary will issue its report no later than fourteen (14) calendar days before the Final Approval Hearing, *Settlement Agreement, § 2.7(b)*, so it may be considered by the Court on a timely basis.

## ARGUMENT

## I.    Standard of Review

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval of any settlement agreement that will bind absent class members. This involves a two-step process. *See Manual for Complex Litigation §§ 21.61–.63, at 308–23 (4th ed. 2004).* First, counsel submit the proposed settlement terms to the court, and the court makes a preliminary fairness evaluation. *Id. § 21.632.* Second, following preliminary approval, class members are provided notice of a fairness hearing, at which time arguments and evidence may be presented in support of, or opposition to, the settlement. *Id. §§ 21.633–.634.*

In 2018, Rule 23 was amended to specify uniform standards for settlement approval. *See* Fed. R. Civ. P. 23(e) advisory cmte note (2018). The amended rule states that, at the preliminary approval stage, the court must determine whether it "will likely be able" to approve the proposal. Fed. R. Civ. P. 23(e)(1)(B). Rule 23(e)(2), in turn, specifies the following factors the court should consider at the final approval stage in determining whether a settlement should be approved:

(A)     the class representatives and class counsel have adequately represented the class;

(B)     the proposal was negotiated at arm's length;

(C)     the relief provided for the class is adequate, taking into account:
    (i)     the costs, risks, and delay of trial and appeal;
    (ii)     the effectiveness of any proposed method of distributing relief to the class;
    (iii)     the terms of any proposed award of attorney's fees; and
    (iv)     any agreement required to be identified under Rule 23(e)(3); and

(D)     the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).[5]

At this preliminary approval stage, the proposed agreement is viewed "in a light most favorable to settlement." *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996); *Martin v. Caterpillar, Inc.*, 2010 WL 3210448, at *2 (C.D. Ill. Aug. 12, 2010). The ultimate fairness determination is left for final approval, after class members receive notice of the settlement and have an opportunity to be heard. For the reasons that follow, this Court should grant preliminary approval of the

---

[5] Prior to the 2018 Rule 23(e) amendments, the Seventh Circuit required district courts to consider "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (quoting *Isby*, 75 F.3d at 1199). Because these factors "overlap," they are considered together with the Rule 23(e)(2) factors below. *See Hale v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 6606079, at *2 (S.D. Ill. Dec. 16, 2018); *In re NCAA Student-Athlete Concussion Injury Litig.*, 332 F.R.D. 202, 217 (N.D. Ill. 2019), *aff'd sub nom. Walker v. NCAA*, 2019 WL 8058082 (7th Cir. Oct. 25, 2019).

Settlement and authorize Notice to the Settlement Class.

## II.     The Settlement Meets the Standards for Preliminary Approval

### A.     The Class Is Adequately Represented

The record reflects that the Settlement Class is adequately represented. Class Counsel are experienced ERISA litigators with a proven track record. *See Secunda Decl. ¶¶ 25–27.* The Plaintiff is also an adequate class representative, who has diligently pursued this action on behalf of the Settlement Class after acknowledging his duties as class representative. *See Mazza Decl. ¶¶ 3–4.*

### B.     The Proposal Was Negotiated at Arm's-Length

Where experienced counsel has negotiated a settlement at arm's-length, with the help of an experienced mediator, a strong initial presumption is created that the compromise is fair. *See Eubank v. Pella Corp.*, 2019 WL 1227832, at *3 (N.D. Ill. Mar. 15, 2019); *Hale*, 2018 WL 6606079, at *3. That is exactly the situation here: The settlement negotiations took place in the context of an arm's length mediation session before an experienced and impartial mediator. *See Secunda Decl. ¶ 10 & Ex. 2.*

Also, relevant here: (1) Class Counsel undertook an extensive investigation of the factual and legal bases for Plaintiff's claims prior to commencing the Action, *Secunda Decl. ¶ 8*; and (2) Class Counsel had the necessary experience and qualifications to evaluate the Parties' legal positions, *id. ¶¶ 12–27.* In addition, Defendants produced documents that allowed Class Counsel to further evaluate the strength and weaknesses of Plaintiff's claims. These circumstances further favor approval of the Settlement. Courts in this Circuit consistently approve class action settlements reached through arm's-length negotiations after meaningful discovery and mediation. *See Wong v. Accretive Health, Inc*., 773 F.3d 859, 864 (7th Cir. 2014) (noting that, "although formal discovery had not commenced, [plaintiffs] had access to extensive public

documents," and settlement was reached "after an arm's-length negotiation where the Parties' positions on liability and damages were extensively briefed and debated" before an experienced mediator); *Dolins v. Cont'l Cas. Co.*, No. 1:16-cv-08898, Dkt. 133, at *5 (N.D. Ill. Sept. 20, 2018) ("The negotiations were supported by a robust investigation before commencement of the Lawsuit; the production and review of confidential documents … during mediation discovery; and extensive legal and factual research on the issues in the case.").

### C. The Settlement Terms Are Fair and Adequate

#### 1. The Monetary Relief Is Significant

The product of these serious and informed negotiations is a Settlement that provides significant benefits to the class.

The negotiated monetary relief represents a significant portion of the alleged losses sustained by the Plan. For purposes of mediation, Plaintiff estimates the Settlement Class's losses to be $3.25 million dollars. *Secunda Decl. ¶ 4 & n.1.* Based on this demand, the $725,000 recovery represents a 22.3% recovery of alleged losses. This is on par with numerous other ERISA class action settlements that have been approved across the country.[6]

---

[6] *See, e.g., Toomey v. Demoulas Super Markets, Inc.*, No. 1:19-cv-11633, Dkt. 95 at 10 (Mar. 24, 2021), approved Dkt. 100 (D. Mass. Apr. 7, 2021) (approving settlement that represented approximately 15–20% of alleged losses); *Beach v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-cv-00563, Dkt. 211 (May 20, 2020), approved 2020 WL 6114545, at *1 (S.D.N.Y. Oct. 7, 2020) (16% of alleged losses); *Price v. Eaton Vance Corp.*, No. 18-12098, Dkt. 32 at 12 (May 6, 2019), approved Dkt. 57 (D. Mass. Sept. 24, 2019) (23% alleged losses); *Sims v. BB&T Corp.*, 2019 WL 1995314, at *5 (M.D.N.C. May 6, 2019) (19% of estimated losses); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2018 WL 8334858 (C.D. Cal. July 30, 2018) (25% of estimated losses); *Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*, 2018 WL 2183253, at *6–7 (N.D. Cal. May 11, 2018) (approximately 10% of losses under Plaintiffs' highest model); *see also In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 715 (E.D. Pa. 2001) (since 1995, class action settlements have typically "recovered between 5.5% and 6.2% of the class members' estimated losses").

### 2.	The Risks, Costs, and Delay of Further Litigation Were Significant

In the absence of a settlement, Plaintiff would have faced potential risks. At the time of the Settlement, although Plaintiff had withstood Defendants' motion to dismiss, there was a risk that the Court might have dismissed the claims on summary judgment. If the case proceeded to trial, the Defendants still might have prevailed.[7] Finally, even if Plaintiff prevailed on liability, issues regarding loss would have remained. *See* Restatement (Third) of Trusts, § 100 cmt. (b)(1) (determination of investment losses in breach of fiduciary duty cases is "difficult").

At a minimum, continuing the litigation would have resulted in complex and costly proceedings and significantly delayed any relief to the Settlement Class. ERISA cases such as this can extend up to a decade before final resolution, sometimes going through multiple appeals.[8] The duration of these cases is, in part, a function of their complexity, which further weighs in favor of the Settlement. *See Abbott v. Lockheed Martin Corp.*, 2015 WL 4398475, at *2 (S.D. Ill. July 17, 2015) (noting that ERISA cases such as this are "particularly complex"); *Koerner v. Copenhaver*, 2014 WL 5544051, at *4 (C.D. Ill. Nov. 3, 2014) ("The facts giving rise to Plaintiffs' claims are complicated, require the elucidation of experts, and are far from certain.").

None of this is to say that Plaintiff lacked confidence in his claims. However, given the risks and costs of litigation, it was reasonable for Plaintiff to reach a settlement on these terms. *See Schulte*, 805 F. Supp. 2d at 582–83; *accord Seiden v. Nicholson*, 72 F.R.D. 201, 208 (N.D. Ill. 1976) ("If this case had been litigated to conclusion, all that is certain is that plaintiffs would have

---

[7] *See, e.g.*, *Rozo v. Principal Life Ins. Co.*, 2021 WL 1837539 (S.D. Iowa Apr. 8, 2021); *Sacerdote v. New York Univ.*, 328 F. Supp. 3d 273 (S.D.N.Y. 2018), *aff'd*, 9 F.4th 95 (2d Cir. 2021); *Wildman v. Am. Century Servs., LLC*, 362 F. Supp. 3d 685 (W.D. Mo. 2019).

[8] *See, e.g.*, *Spano v. Boeing Co.*, 2016 WL 3791123, at *1, 4 (N.D. Ill. Mar. 31, 2016) (9 years); *Abbott v. Lockheed Martin Corp.*, 2015 WL 4398475, at *1 (S.D. Ill. July 17, 2015) (8.5 years); *Beesley v. Int'l Paper Co.*, No. 3:06-cv-00703, Dkt. 559 (S.D. Ill. Jan. 31, 2014) (more than 7 years).

spent a large amount of money, time, and effort.")

### 3. The Proposed Method of Distributing Relief to The Settlement Class Is Effective

Consistent with numerous other ERISA settlements that have received court approval,[9] Current Participants will have their settlement distribution automatically credited to their Plan account, and Former Participants will receive checks and have the ability to rollover their settlement amount to a tax advantaged investment vehicle. *See Exs. C, E* to Settlement Agreement. This method of distribution is both effective and efficient.

### 4. The Settlement Agreement Imposes a Reasonable Limitation on Attorney's Fees

The amount of any fee award is reserved to the Court in its discretion. *See id. § 7.2(a).* However, Class Counsel have agreed to limit their request to one-third of the Settlement Amount. *Id.* This is the amount typically awarded in complex ERISA cases such as this. *See Bell v. Pension Comm. of ATH Holding Co.*, 2019 WL 4193376, at *3 (S.D. Ind. Sept. 4, 2019) (collecting cases).

### 5. No Separate Agreements Bear on the Adequacy of Relief to the Class

There are no side agreements relating to the Settlement. As the Settlement Agreement plainly and expressly states: "This Agreement is the entire agreement among the Parties and it supersedes any prior agreements, written or oral, among the Parties. This Agreement cannot be altered, modified or amended except through a writing executed by all Parties." *Settlement Agreement § 10.5.*

---

[9] *See, e.g.*, *Kinder v. Koch Indus., Inc.*, 2021 WL 3360130, at *1–2 (N.D. Ga. July 30, 2021); *Karpik v. Huntington Bancshares Inc.*, 2021 WL 757123, at *2 (S.D. Ohio Feb. 18, 2021); *Dolins v. Cont'l Cas. Co.*, No. 1:16-cv-08898, Dkt. 122-1 § 9 (N.D. Ill. Aug. 6, 2018).

### 6. The Settlement Treats Settlement Class Members Equitably

The Settlement treats Settlement Class Members equitably. As outlined in the Plan of Allocation, the Distributable Settlement Amount will be allocated among eligible Settlement Class Members on a *pro rata* basis based on the amount of time that they participated in the Plan, the same allocation formula is used to calculate settlement payments for all eligible Settlement Class Members, and that formula is tailored to the claims asserted in the case. *See Ex. C to Settlement Agreement (Plan of Allocation)*; *Secunda Decl. ¶ 6.* This further supports approval of the Settlement.

### 7. The Class Notice Plan is Reasonable and Should be Approved

The Court also must ensure that notice is sent in a reasonable manner to all class members who would be bound by the settlement. Fed. R. Civ. P. 23(e)(1). The "best notice" practicable under the circumstances includes individual notice to all class members who can be identified through reasonable effort. Fed. R. Civ. P. 23(c)(2)(B). That is precisely the type of notice proposed here, as the Settlement Administrator will individually e-mail or mail Notice of the Settlement to Settlement Class Members. *Settlement Agreement § 2.8.* These types of notice are presumptively reasonable. *See Phillips Petrol. Co. v. Shutts,* 472 U.S. 797, 812 (1985); *Snyder v. Ocwen Loan Servicing, LLC*, 2018 WL 4659274, at *3 (N.D. Ill. Sept. 28, 2018) (finding that email notice a reasonable and class members received the best notice practicable.").

Moreover, the content of the Notice is also reasonable, as it contains information regarding the terms of the Settlement, the Claims asserted in the Action, the definition of the class, the scope of the class release, the process for making an objection, Settlement Class Members' right to appear at the Final Approval Hearing, and the proposed Attorneys' Fees, Expenses, and the Class Representative Service Award. *See Ex. B to the Settlement Agreement.*

## III. The Proposed Settlement Class Should be Certified for Settlement Purposes

Finally, this Court should certify the Settlement Class for settlement purposes.[10] "ERISA class actions are commonly certified" under Rule 23(b)(1) because ERISA breach of fiduciary duty claims are brought on behalf the plan as a whole and seek equitable relief. *Neil v. Zell*, 275 F.R.D. 256, 267 (N.D. Ill. 2011); *Settlement*, § 2.12. That is precisely the nature of this Action. *See Amended Complaint (Dkt. 8) ¶ 14* (citing 29 U.S.C. §§ 1109, 1132(a)(2)).

### A. The Proposed Settlement Class Satisfies Rule 23(a)

Rule 23(a) of the Federal Rules of Civil Procedure sets forth four requirements applicable to all class actions: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Amchem*, 521 U.S. at 620. Each of these requirements is met in this case.

*Numerosity.* There are approximatly 12,000 Settlement Class Members. *See Secunda Decl., ¶ 3.* This far exceeds the threshold for numerosity. *See Neil*, 275 F.R.D. at 260.

*Commonality.* "[T]he commonality requirement is typically easily satisfied in ERISA cases." *Shanechian v. Macy's, Inc.*, 2011 WL 883659, at *3 (S.D. Ohio March 10, 2011); *see also In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 452 (S.D.N.Y. 2004) ("In general, the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries."). Here, as in other ERISA cases, there are common questions, such as (1) whether the Plan's recordkeeping and administrative fees were excessive; (2) whether Defendants breached their fiduciary duties to the Plan; and (3) whether the Plan suffered losses from the alleged fiduciary breaches. Accordingly, commonality is satisfied. *See, e.g., Neil*, 275 F.R.D. at 260–61; *Godfrey v. GreatBanc Tr. Co.*,

---

[10] In the context of a settlement, class certification is more easily attained because the court need not inquire whether a trial of the action would be manageable on a class-wide basis. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

2021 WL 679068, at *4 (N.D. Ill. Feb. 21, 2021).

*Typicality.* The typicality requirement "tend[s] to merge" with commonality. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *Godfrey*, 2021 WL 679068, at *5. Typicality is satisfied here because the "ERISA claims share the same 'essential characteristics' of the 'claims of the class at large' in that they seek to (1) obtain recovery owed to the Plan and (2) hold fiduciaries accountable for breaching their duties." *Id.* (citing *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 597 (7th Cir. 1993)).

*Adequacy.* The adequate representation inquiry considers the adequacy of the Class Representative and Class Counsel. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011), *as modified* (Sept. 22, 2011). Both are adequate here for the reasons noted above. *See supra* at 8.

The Class Representative has no known conflicts of interest with other Settlement Class Members, has assisted in pursuing the Action through reviewing case documents and helping respond to discovery requests, and has acknowledged his responsibilities as Class Representative. *See Mazza Decl. ¶¶ 3–4.* This is sufficient to demonstrate adequacy. As a participant in the Plan, his interests are aligned with other Settlement Class Members. *See Rush v. GreatBanc Tr. Co.,* 2021 WL 2453070, at *7 (N.D. Ill. June 16, 2021); *Godfrey*, 2021 WL 679068, at *5–6.

For their part, Class Counsel are experienced ERISA litigators. *Secunda Decl. ¶¶ 25–27.* Thus, Class Counsel are also adequate to represent the Class.

## B.    The Proposed Settlement Class Satisfies Rule 23(b)(1)

In addition to meeting the requirements of Rule 23(a), the proposed Settlement Class satisfies Rule 23(b)(1), a non-opt-out class. Under Rule 23(b)(1), a class may be certified if prosecution of separate actions by individual class members would create a risk of:

> (A)    inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

> (B)    adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]

Fed. R. Civ. P. 23(b)(1). Settlement Class Members are still permitted to object to the Settlement, *Settlement, § 2.14*, and requirements for filing an objection are set out in the Notice and proposed Preliminary Approval Order. *Id.*; *Exs. B and D to Settlement Agreement*.

The breach of fiduciary claims here plainly satisfy this test because they are brought derivatively on behalf of the Plan under ERISA, *see* 29 U.S.C. §§ 1109 and 1132(a)(2), and the outcome will necessarily affect the participants in the Plan and the Plan's fiduciaries. *See Godfrey*, 2021 WL 679068, at *7. Indeed, courts have held that "breach of fiduciary duty claims brought [section 1132(a)(2)] are 'paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class.'" *Neil*, 275 F.R.D. at 267–68 (collecting cases); *In re Household Int'l, Inc. ERISA Litig.*, 2004 WL 7329911, at *2 (N.D. Ill. Nov. 22, 2004).[11] This case is no exception.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) preliminarily

---

[11] The Advisory Committee Notes to Rule 23 expressly recognize that class certification is appropriate under Rule 23(b)(1)(B) in "an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." Fed. R. Civ. P. 23, Advisory Committee Note (1966).

approve the Parties' Class Action Settlement Agreement and Release of Claims; (2) approve the proposed Notice and authorize distribution of that Notice to the Settlement Class; (3) preliminarily certify the Settlement Class for settlement purposes; (4) approve the proposed Plan of Allocation; (5) schedule a Final Approval Hearing; (6) approve the rollover form for Former Participants; (7) enter the accompanying Preliminary Approval Order.

Dated this 29th day of February, 2024      Respectfully submitted,

**WALCHESKE & LUZI, LLC**

/s/ Paul M. Secunda
Paul M. Secunda
125 South Wacker Drive, Suite 300
Chicago, Illinois 60606
Telephone: (224) 698-2630
Facsimile: (262) 565-6469
psecunda@walcheskeluzi.com

ATTORNEYS FOR PLAINTIFF and
PROPOSED SETTLEMENT CLASS

**CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2024, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>s/Paul M. Secunda</u>
Paul M. Secunda