UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL MAZZA, individually, and as representative of a Class of Participants and Beneficiaries of the Pactiv Evergreen Services Inc. Employee Savings Plan,

      Plaintiff,

v.

PACTIV EVERGREEN SERVICES INC., et al.

      Defendants

Case No: 1:22-cv-5052

## **PRELIMINARY APPROVAL ORDER**

This matter came to before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Motion"). In connection with the Motion, the Court has considered and reviewed the following materials: (a) Plaintiff's Motion for Preliminary Approval, and the papers filed in connection therewith; and (b) the Class Action Settlement Agreement dated February 28, 2024 and the exhibits attached thereto (the "Settlement Agreement"). In addition, the Court has considered the arguments of counsel and the pleadings and record in this case. This Court has considered all of the foregoing materials and information and finds that there is good cause for granting the Motion.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement.

2. The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). The terms set forth in the

1

Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below. The Court concludes that the Settlement Agreement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement Agreement, the scheduling of the Final Approval Hearing, and the mailing of the Notice to Settlement Class Members, each as provided for in this Order. The Court further finds, on a preliminary basis, that the proposed formula set forth in the Plan of Allocation for allocating the Distributable Settlement Fund among Settlement Class Members is fair and reasonable.

### Class Certification

3. Pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, the Court hereby certifies for settlement purposes only the following Settlement Class (the "Class" or the "Settlement Class"):

> All participants and beneficiaries of the Plan, from September 16, 2016 through March 31, 2024, excluding the Defendants or any Plan participant who is or was a fiduciary to the Plan during the Class Period.

4. The Court finds that each element required for certification of the Class pursuant to Rule 23(a) of the Federal Rules of Civil Procedure has been met: (a) the members of the Class are so numerous that their joinder in the Action is impracticable; (b) there are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members of the Class; (c) Plaintiff's claims are typical of the claims of the Class; and (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Class. Solely for settlement purposes, the Court further finds that the requirements of Rule 23(b)(1) have been met. Prosecution of separate actions by individual members of the Class would

create a risk of inconsistent or varying adjudications as to individual Settlement Class Member(s) that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action, and adjudications with respect to individual Settlement Class Member(s) would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

5. For settlement purposes, the Court hereby finds that, pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff is an adequate class representative and certifies him as Class Representative for the Class, and appoints the law firm of Walcheske & Luzi, LLC as Class Counsel. Plaintiff and Class Counsel have fairly and adequately represented the Class in terms of both litigating the claims of the Class and entering into and implementing the Settlement, and have satisfied all the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

### **Class Notice**

6. The Court approves the Notice of Proposed Class Action Settlement ("Notice") in the form attached as Exhibit B to the Settlement Agreement. The Parties may make non-substantive changes to the Notice, such as filling in the applicable dates and correcting any typographical errors or addressing similar issues.

7. Defendants shall cause the Plan's recordkeepers during the class period to provide to the Settlement Administrator with the last known electronic mailing address or last known mailing address for each Settlement Class Member. The names, electronic mail addresses, and mailing addresses provided to the Settlement Administrator pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

8. Within thirty (30) days after entry of this Order, the Settlement Administrator shall cause copies of the Notice to be sent via electronic mail (if available) or first-class U.S. mail,

3

postage pre-paid to each Settlement Class Member through the notice procedure described in the Settlement Agreement.

9. The Court finds that the Notice to be provided as set forth in this Order is the best means of providing notice to the Settlement Class Members as is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Final Approval Hearing, and the requested Attorneys' Fees and Costs, Administrative Expenses, and the Class Representative Service Award, to all persons affected by or entitled to participate in the Settlement in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

10. All reasonable Administrative Costs for the Settlement Administrator, Independent Fiduciary, and Escrow Agent in connection with their duties under the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

## Fairness Hearing

11. The Court will hold a Final Approval Hearing on <u>July 11</u>, 2024 at 1:45 p.m. in Courtroom <u>1403</u> of the Everett M. Dirksen U.S. Courthouse, 219 S. Dearborn St., Chicago, IL 60604, for the following purposes: (a) to determine whether the proposed Settlement is fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court; (b) to determine whether a Final Approval Order substantially in the form attached as Exhibit A to the Settlement Agreement should be entered pursuant to the terms of the Settlement, dismissing with prejudice all claims asserted in the Action against Defendants with respect to Settlement Class Members; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the separate motion for payment of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Award should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection

with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Class Members as set forth in Paragraph 5 of this Order.

12. The Court may adjourn the Final Approval Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

### **Appearance and Objections at Final Approval Hearing**

13. The Court will consider written comments and objections to the Settlement Agreement, to the Plan of Allocation, to the proposed award of Attorneys' Fees and Costs, or to the request for a Class Representative Service Award for the Plaintiff only if such written comments or objections are filed with the Court Clerk not later than 21 days before the Final Approval Hearing and comply with the requirements of Paragraph 16 below, and are served on the Parties at the following addresses:

    For Filing with the Court:

    United States District Court
    Northern District of Illinois
    219 South Dearborn St.
    Chicago, Illinois 60604

    To Class Counsel:

    **Paul M. Secunda**
    Walcheske & Luzi, LLC
    125 South Wacker Drive, Suite 300
    Chicago, Illinois 60606
    Telephone: (224) 698-2630
    Facsimile: (262) 565-6469
    psecunda@walcheskeluzi.com

To Defendants' Counsel:

**Patrick W. Spangler**
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, IL 60601
(312) 609-7500
pspangler@vedderprice.com

14. The Court will only consider written comments and objections to the Settlement that are signed by the Settlement Class Member and are timely filed with the Court Clerk and served not later than 21 days before the Final Approval Hearing and include all of the following: (a) the name and case number of the Action; (b) the Settlement Class Member's full name, address, telephone number, and signature; and (c) a statement of all comments or grounds for the objection. Any Settlement Class Member or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement Agreement, and any untimely objection shall be barred absent an Order from the Court. The Parties may take discovery, including written discovery and depositions, from anyone who files an objection with respect to any of the issues raised in the objection.

15. Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Final Approval Hearing either in person or through qualified counsel retained at their own expense. Those persons or their attorneys intending to appear at the Final Approval Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the Settlement Class Member (and, if applicable, the name, address, and telephone number of that Settlement Class Member's attorney) on Class Counsel and Defendants' Counsel (at the addresses set out above) and file it with the Court Clerk by not later than 21 days before the Final Approval Hearing. Anyone who does not

timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class Member or that Settlement Class Member's counsel.

## Additional Issues

16. The Court approves the retention of Analytics Consulting LLC as the Settlement Administrator.

17. The Court approves the selection of Analytics Consulting LLC as the Escrow Agent. The contents of the Settlement Fund held by Analytics Consulting LLC as Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as they shall be distributed pursuant to the Settlement Agreement and/or further Order(s) of the Court.

18. In further aid of the Court's jurisdiction to review, consider, implement, and enforce the Settlement, the Court orders that Plaintiff and all Settlement Class Members are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, or action asserting the Released Claims.

## Termination of Settlement

19. If the Settlement is terminated or not approved, or if the Effective Date of the Settlement does not occur, this Order shall become null and void and be without prejudice to the

rights of the Plaintiff, the Settlement Class Members, and Defendants, and the settling Parties shall be deemed to have reverted to their respective positions in this Action as of January 29, 2024.

## Supporting Papers

20. Plaintiff shall file his motion for final approval of the proposed Settlement no later than fourteen (14) calendar days prior to the Final Approval Hearing, and shall file his motion for Attorneys' Fees and Expenses, and Class Representative Service Award, no later than twenty-eight (28) calendar days prior to deadline for Settlement Class Members to submit written comments or objections.

## Use of Order

21. This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties or the Plan. This Order (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against Defendants of, wrongdoing or liability in the Action or any other proceeding; (b) is not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiff or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable; (e) shall not be construed or used as an admission, concession, declaration or waiver by any Party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated. This Order and the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Defendants specifically deny any fault, breach, liability or wrongdoing.

**Jurisdiction**

22. The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

SO ORDERED this 4th day of March, 2024

_____
The Honorable Sara L. Ellis
United States District Judge