UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

MICHAEL MAZZA, individually, and as
representative of a Class of Participants
and Beneficiaries of the Pactiv Evergreen
Services Inc. Employee Savings Plan,

      Plaintiff,

v.

PACTIV EVERGREEN SERVICES INC., et al.

      Defendants

Case No: 1:22-cv-5052

---

## **FINAL APPROVAL ORDER**

WHEREAS, on September 6, 2024, this Court conducted a Final Approval Hearing to, among other things, (1) determine whether to finally certify the Settlement Class[1] pursuant to Fed. R. Civ. P. 23(b)(1); (2) determine whether the terms of the Settlement Agreement and the proposed Settlement provided for therein are fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (3) determine whether the proposed Plan of Allocation for distributing the Settlement proceeds among Settlement Class Members should be approved by the Court; (4) consider the motion of Plaintiff and Class Counsel for Attorneys' Fees and Costs, Administrative Expenses, and a Class Representative Service Award; and (5) to hear and rule upon other matters as appropriate in regards to the Parties' class action Settlement;

---

[1] All capitalized terms used herein shall have the meaning ascribed to them in the Class Action Settlement Agreement and Release of Claims dated February 28, 2024 ("Settlement Agreement") entered between Plaintiff and Defendants Pactiv Evergreen Services Inc., and its Board of Directors.

WHEREAS, the Court was advised at the Final Approval Hearing that the Notice in the form approved by the Court was sent to the Settlement Class pursuant to the terms of the Settlement Agreement and was posted on the Settlement Website; and

WHEREAS, Defendants have notified the Court of their compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715;

WHEREAS, the Court, having considered all matters submitted to it at the Final Approval Hearing, including all written submissions and the arguments of counsel for the Parties and counsel for any objectors;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. The Settlement Agreement, including the definitions contained therein, is incorporated by reference in this Final Approval Order.

2. The Court has jurisdiction over the subject matter of this Action.

3. Pursuant to Fed. R. Civ. P. 23(b)(1), the Court hereby finally certifies, for purposes of effectuating the Settlement only, a Settlement Class consisting of all participants and beneficiaries of the Pactiv Evergreen Services Inc. Employee Savings Plan from September 16, 2016 through March 31, 2024, excluding the Defendants or any Plan participant who is or was a fiduciary to the Plan during the Class Period.

4. The Court appoints Michael Mazza as the Class Representative for the Settlement Class.

5. The Court appoints the following firm as Class Counsel for the Settlement Class: Walcheske & Luzi, LLC.

6. The Court finds that Defendants have complied with the notice requirements of 28 U.S.C. § 1715.

7. The Notice was previously provided to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class Members of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23 and due process; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons entitled thereto of the terms and conditions of the Settlement and the right to object.

8. Based on the evidence submitted by the Parties, the Court concludes that the Settlement is fair, reasonable and adequate. The Settlement is therefore approved, and the Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions.

9. The Plan of Allocation is also hereby approved as fair, reasonable and adequate.

10. The Court finds that the members of the Settlement Class are in privity with the interests of the Plan, its participants and its beneficiaries, and all private parties authorized to sue under ERISA section 502(a)(2), that such private parties are adequately represented by the Class Representative, and all parties authorized to sue under ERISA sections 502(a)(2) are hereby bound by the Settlement and this Order.

11. The Action is hereby dismissed with prejudice in its entirety and without an award of costs, except as provided in the Settlement Agreement.

12. The Settlement Agreement is hereby approved in its entirety.

13. For purposes of this Paragraph 13 of this Order, the following definition (which are identical to the definitions in the Settlement Agreement, as modified above) shall apply:

a. "Released Claims" shall mean any and all actual or potential claims (including any Unknown Claims, as defined in Section 1.41 of the Settlement Agreement), actions, causes of action, demands, rights, obligations, damages, and liabilities (including claims for attorneys' fees, expenses, or costs), whether arising under federal, state, or local law, whether by statute, contract, tort, equity, or otherwise, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, for monetary, injunctive, equitable, and any other relief (collectively "Claims") against the Defendant Released Parties and Defendants' Counsel through the date the Court enters the Final Approval Order that were asserted in the Action, or that arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions, occurrences or the conduct alleged or asserted in the Action or could have been alleged or asserted in the Action, whether or not pleaded in the Amended Complaint; or that arise out of, relate to, are based on, or have any connection with: (1) the selection, monitoring, oversight, retention, fees, expenses, or performance of the Plan's investments, investment options, or service providers, including without limitation, its administrative and/or recordkeeping service providers, its investment advisors, its managed accounts service providers, its auditor, its trustees, and the Company in its role as service provider to the Plan; (2) the selection, nomination, appointment, retention, monitoring, and removal of the Plan's fiduciaries; (3) fees, costs, or expenses charged to, paid, or reimbursed by the Plan or Plan participants; (4) the services provided to the Plan or the cost of those services; (5) any alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties relating to the Plan's investments, investment options, or service providers; (6) any amounts charged to participants for participant account maintenance or recordkeeping and administrative fees; and/or (7) any assertions with respect to any

4

fiduciaries or service providers of the Plan (or the selection or monitoring of those fiduciaries) in connection with the foregoing.

As of the Effective Date, all Settlement Class Members and their successors and assignees are permanently enjoined, either directly, representatively, or in any other capacity, from prosecuting, instituting, or commencing any individual, class, or other action with respect to the Released Claims against any of the Defendant Released Parties.

14. The terms of the Settlement Agreement and of this Final Approval Order shall be forever binding on the Plaintiff, Settlement Class Members, and all of their successors and assigns, and the Settlement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings involving the Released Claims.

15. In recognition of their work, the time and expenses incurred on behalf of the Settlement Class and the value of the results achieved on behalf of the Settlement Class, pursuant to the terms of the Settlement Agreement, the named Plaintiff shall be entitled to receive a Class Representative Service Award and Class Counsel shall be entitled to receive their Attorneys' Fees and Expenses in the amounts set forth by the Court in its separate order addressing the Fee and Expense Application.

16. Without affecting the finality of this Final Approval Order in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement and any award or distribution of the Settlement Amount; and (b) the Parties and the Settlement Class Members for purposes of construing, enforcing and administering the Settlement Agreement.

SO ORDERED this 18th day of October 2024

_____
The Honorable Sara L. Ellis
United States District Judge